

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 30, 1947

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 26, Texas

Opinion No. V-288

Re: The effect to be ac-
corded the existence
of a lien recorded on
a previous certificate
of title when issuing
a new certificate of
title to a purchaser
at a sheriff's sale.

Dear Sir:

Your request for our opinion is on the following question:

"When title has been issued on a motor vehicle and when such title records a lien, should this Department obtain a release of that lien in the event the motor vehicle is sold at a sheriff's sale?"

In connection with this question, you state that you have heretofore asked the question of this Department: "What evidence was needed to issue title to the purchaser of a motor vehicle which was sold at sheriff's sale?" That question applied to: (1) motor vehicles on which no title had been issued; (2) motor vehicles on which title had been issued and no lien recorded and; (3) motor vehicles on which title had been issued and a lien recorded. In response to that question, Opinion No. 0-3842 was rendered. You were advised to issue a certificate of title to a purchaser of the automobile at a sheriff's sale made pursuant to a court order. This answer was made on the assumption that a lien against a motor vehicle had been foreclosed by judicial process and that the rights of all the parties had been fully adjudicated by the court. You advise that pursuant to said opinion your policy has been to issue a clear title to a purchaser of a motor vehicle at a sheriff's sale regardless of whether there was or was not a lien recorded on the previous title.

Opinion O-3842 assumed that any lien against the motor vehicle had been foreclosed by judicial process. The conclusion in the former opinion that, "it is the duty of your Department to issue a certificate of title to the purchaser at a sheriff's sale made pursuant to the court's order," is correct. But where the motor vehicle has been seized under execution, not to foreclose a lien against the automobile but to satisfy a judgment debt of the mortgagor to a third party, a different situation arises. Your question involves the effect of a prior lien recorded upon a certificate of title when your Department is requested to issue a new certificate of title, on a motor vehicle sold at a sheriff's sale where the prior lien remains outstanding on the record.

It may be stated as a general rule that prior lien holders have the right of protection against subsequent judgment or execution liens. In 18 Texas Jurisprudence, page 766, paragraph 193, we find:

"Where the property of the defendant in execution has been mortgaged, its sale under execution conveys only the interest of the mortgagor, subject to the rights of the mortgagee."

Rule 643 of Vernon's Texas Rules of Civil Procedure, replaces, but does not change, Art. 3797, V.C.S., and reads as follows:

"Goods and chattels pledged, assigned or mortgaged as security for any debt or contract, may be levied upon and sold on execution against the person making the pledge, assignment or mortgage subject thereto; and the purchaser shall be entitled to the possession when it is held by the pledgee, assignee or mortgagee, on complying with the conditions of the pledge, assignment or mortgage."

Section 35 of Article 1436-1 V.P.C., provides in part:

"Whenever the ownership of a motor vehicle registered or licensed within this State is transferred by operation of law, as upon * * * judicial sale or any other involuntary divesture of ownership, the Department shall issue a new certificate of title upon being provided with

certified copy of * * * order, or bill of
sale from the officer making the judicial
sale. * * * *"

Section 42 of the same Article provides:

"No lien on any motor vehicle shall be
valid as against third parties without actual
knowledge thereof or enforceable against the
motor vehicle of any such third parties as
the issuance of a certificate of title there-
of, unless an application for a new title is
made as prescribed in this Act and all first
and subordinate liens noted by the Department
thereon."

Thus, under the rule that a prior lien holder
is entitled to protection as against the purchaser of
the automobile under a sheriff's sale, we conclude that
it is the duty of your Department in issuing a new cer-
tificate of title on a motor vehicle sold at a sheriff's
sale to satisfy a judgment debt owing to a third party
to record thereon the prior recorded lien or liens. You
are not charged with the duty of obtaining a release of
any lien; your duty in issuing a new certificate of
title is to record thereon the prior existing liens in
order to protect the rights of the lien holders.

## SUMMARY

Where a purchaser of a motor vehicle sold
at a sheriff's sale to satisfy a judgment debt
owing to a third party makes application for a
certificate of title, it is the duty of the
Texas Highway Department to issue a new certifi-
cate of title and record on the new certificate
all prior liens recorded on a previous certifi-
cate of title.  Article 1436-1, Sections 35 and
42, V. P. C.; Rule 643, Vernon's Texas Rules of
Civil Procedure.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

By *Charles E. Crenshaw*

Charles E. Crenshaw
Assistant

CEC:rt:et